UNITED STATES of America, Plaintiff—Appellee,

v.

Emilio OLVERA, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Alma Olvera, Defendant—Appellant.

Nos. 02–10270, 02–10278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2003.

Decided May 15, 2003.

Before: GOODWIN, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

Emilio and Alma Olvera appeal their convictions for conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1) and (h). They challenge the sufficiency of the evidence, certain eviden-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tiary rulings, and the jury instructions. Alma Olvera also appeals her sentencing enhancement for obstruction of justice. We affirm.

## I. *Sufficiency of the Evidence*

■ Taking the evidence in the light most favorable to the prosecution, there was enough for a rational juror to infer beyond a reasonable doubt that the Olveras knew the money they received from Jorge Salazar–Guillen was illegally derived. The intercepted phone conversations between Alma Olvera and Salazar–Guillen, Emilio Olvera's statements to Agent Pa, together with bank records from the Olveras' joint savings accounts constituted sufficient circumstantial evidence to support the jury's verdict.

## II. *Evidentiary Rulings*

### A. Disallowed Exculpatory Evidence

■ The Olveras argue that the district court erred in refusing to admit under an exception to the hearsay rule the transcript from Salazar–Guillen's change of plea hearing. There he said that he had told the Olveras that the money he sent came from his landscaping business, and that they had no knowledge the money was heroin proceeds. The Olveras argue that they were entitled to use the proffered statements because they tended to subject Salazar–Guillen to criminal liability and there were sufficient corroborating circumstances to satisfy Federal Rule of Evidence 804(b)(3).

The Supreme Court held in *Williamson v. United States,* 512 U.S. 594, 600–01, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994), that Rule 804(b)(3) does not allow the admission of self-exculpatory hearsay statements, even if they are made in a broader narrative that is generally self-inculpatory. The Court also explained that whether or not a statement is self-inculpatory or not can be determined only by viewing it in context. Even statements that are on their face neutral may actually be against the declarant's interest. *Id.*

Salazar–Guillen made the statements the Olveras sought to exploit during a change of plea hearing in which he was generally inculpating himself. However, the proffered statements, at least when viewed in isolation, served to exculpate Salazar–Guillen on the conspiracy charge. On the other hand, his refusal to inculpate himself and the Olveras on that charge could have caused the government to withdraw its plea offer and insist on going to trial, which in turn could have resulted in a greater sentence than was offered in the plea agreement. Thus, looking at the proffered statements when they were made, and in context, Salazar–Guillen potentially subjected himself–at least to some degree–to additional criminal liability. *See Williamson,* 512 U.S. at 604 (explaining that whether a statement was sufficiently against the declarant's penal interest "can only be answered in light of all the surrounding circumstances"); *see also Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) ("[W]here constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice."). Moreover, the proffered statements did in fact subject Salazar–Guillen to an additional charge of money laundering and the additional penalty of forfeiture.

Because there are *no* independent corroborating circumstances to indicate the trustworthiness of the proffered statements, however, the district court did not abuse its discretion in denying the Olveras' Rule 804(b)(3) motion. The most the Olveras point to on the corroboration requirement is that Salazar–Guillen made the proffered statements while under oath, to-

gether with the lack of direct evidence showing that the Olveras were aware that Salazar–Guillen was a drug dealer. *Cf. United States v. Paguio,* 114 F.3d 928, 933 (9th Cir.1997) (corroboration of trustworthiness requirement was satisfied). Not only does the record in this case *not* include any corroborating circumstances, it *includes* sufficient circumstantial evidence to infer that the Olveras knew the majority of the money Salazar–Guillen sent did not come from his landscaping business, but from criminal activity. Finally, Salazar–Guillen's incentive to make those statements due to his family relationship with the Olveras cuts against the trustworthiness of the statements. *See id.* ("There is one factor that cuts against the trustworthiness of the father's statement, and that is that the appellant is his son.").

The Olveras also argue that the government violated their due process rights by substantially interfering with Salazar–Guillen's determination to testify. This argument is without merit because the government did not procure Salazar–Guillen's unavailability.

### B. Allowed Inculpatory Testimony

■ The Olveras argue they are entitled to a new trial because the district court abused its discretion in allowing testimony from three individuals who had been involved in Salazar–Guillen's heroin operation. The district court did not abuse its discretion in allowing this testimony. The government was required to prove the source of the funds Salazar–Guillen sent to the Olveras. The challenged testimony was probative on whether, and to what extent, Salazar–Guillen received proceeds from the sale of heroin. Any danger of unfair prejudice was minimal.

### III. *Jury Instructions*

The Olveras' argument that the portion of the district court's money laundering instruction addressing permissible inferences was plain error is without merit.

### IV. *Sentencing Enhancement for Obstruction of Justice*

■ Alma Olvera challenges the two-level increase in her offense level pursuant to USSG § 3C1.1 for having testified that she believed the money she received from her brother was from his landscaping business. In response to her objection to a two-level sentencing enhancement pursuant to § 3C1.1, as recommended in the Presentence Report, the district court said: "The court finds that there is evidence that there was willful perjury in the testimony at trial, and the two-level increase stands." This finding is sufficient under *United States v. Dunnigan,* 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), given the obvious materiality of Alma Olvera's false testimony.

AFFIRMED.